# THE PEOPLE OF PORTO RICO, Plff.,

*v.*

# FORTUNA ESTATES, Dft.

Ponce, Law, No. 1191.

REIVINDICACIÓN.

Reivindicación—Set-Off of Taxes.
1. Taxes paid cannot be set off against land, but may be against damages and profits.

Sovereign—Coming into Court.
2. If the sovereign comes into court as a party, he must come entirely or not come at all. He enters subject to everything involved in the litigation.

Opinion filed February 16, 1921.

*Messrs. Loret & Muñoz* for plaintiff.

*Messrs. Frazer & Gammons* for defendant.

People v. Fortuna Estates.

HAMILTON, Judge, delivered the following opinion:

As this demurrer is argued on the hearing of the main case, or rather just before the trial of the main case, I will be unable to examine any authorities, and I will have to decide it on general principles; but it seems to me it must be about right to hold as follows:

In the first place, I will permit the amendment, if it is desired, and in the second place the law must in one shape or another be as follows: Suppose that there is a mortgage between two people. "A" makes a mortgage to "B," and interest is paid from year to year, and afterwards it is discovered that there is a mistake; that it is actually a deed of land, and there is a suit between the parties to recover the land. It certainly cannot be law that a party can recover the land and also keep what has been paid as interest. That cannot be true, whichever way the suit may be. Land and what is damages for detention plus keeping, *also* the interest,—that cannot be right. I am not quite sure whether this is the exact way to get at it or not, whether taxes must be offset against the damages or the rental value. I do not think it can be set off against the land, because one has nothing to do with the other. They are two separate classes of claims. You can set off money against money, and I suppose you could set off land against land, if that case ever comes up.

The demurrer is sustained to the extent that the recovery of taxes will be limited, in the first place, by the consent of parties, to what has been paid during the tenancy of the present owner; in the second place, whatever that may be will be set off against the rents and profits only, damages for detention,

People v. Fortuna Estates.

and not against the land. To that extent it is sustained; otherwise overruled.

I might add to that, so far as sovereignty can be considered as involved, I take it that when a party, even a sovereign, comes into a court, whether originally or by setting up an answer or other defense, he does the one or the other subject to everything that is involved in the litigation. He cannot come into a court half way. He has got to come clean in the door or he does not come in at all. So I do not think the defense of sovereignty will apply.

It is so ordered.